Howard Z. Myerowitz, Esq. (HZM0972)
SONG LAW FIRM LLC
400 Kelby Street, 7th Floor
Fort Lee, NJ 07024
Tel: (201) 461-0031
Fax: (201) 461-0032
E-mail: hmyerowitz@songlawfirm.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

ODELIN CONTRERAS, JULIO ECHEVARRIA,
and MADELIN ECHEVARRIA,

|  |  |
|---|---|
|  | Civil Action No. |
|  | 13-Civ.-3761 (PAC) |

Plaintiffs,

    -against-

**FIRST AMENDED
COMPLAINT**

CITY OF NEW YORK, POLICE OFFICER LENNOX
CORLETTE, SHIELD NO. 2845, OF THE 46TH
PRECINCT, and THE NEW YORK CITY POLICE
DEPARTMENT,

**JURY TRIAL DEMAND**

Defendants.
----------------------------------------------------------------X

Plaintiffs Odelin Contreras (hereinafter "Contreras"), Julio Echevarria (hereinafter "Julio Echevarria"), and Madelin Echevarria (hereinafter "Madelin Echevarria") (collectively hereinafter "Plaintiffs") here by their attorneys, Song Law Firm, complaining against Defendants The City of New York, Police Officer Lennox Corlette, Shield No. 2845 of the 46th Precinct, and the New York City Police Department (hereinafter collectively "Defendants") alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiffs bring this action under 42 U.S.C. § 1983 and related state laws seeking compensatory and punitive damages and attorney's fees under 42 U.S.C. § 1988 for the defendants' violation of the rights afforded by the United States and New York Constitutions and under the laws of the State of New York.

2.     Defendants, City Of New York, Police Officer Lennox Corlette, Shield No. 28451 of the 46th Precinct, and the New York City Police Department, respectively, violated plaintiffs' civil rights without just and probable cause, causing them emotional and economic loss.

**JURISDICTION AND VENUE**

3.     The Court has jurisdiction over plaintiffs' claims under 42 U.S.C. § 1983 pursuant to 28 U.S.C. §§ 1331 and 1342(3).

4.     The Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5.     Venue is vested in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

**PARTIES**

6.     Plaintiff Odelin Contreras is a resident of the County of Bronx, City and State of New York, residing at 86 West 179th Street, Apartment 4, Bronx, NY 10453; she is the daughter of Madelyn Echevarria and niece of Julio Echevarria.

7.     Plaintiff Julio Echevarria is a resident of the County of Bronx, City and State of New York, residing at 86 West 179th Street, Apartment 4, Bronx, NY 10453; he is the brother of Madelin Echevarria and uncle of Odelin Contreras.

8.     Plaintiff Odelin Echevarria is a resident of the County of Bronx, City and State of New York, residing at 86 West 179th Street, Apartment 4, Bronx, NY 10453; she is the sister of Julio Echevarria and mother of Odelin Contreras.

9.     Defendant City of New York is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible for the practices, policies and customs of the New York City Police Department, as well as the

hiring, screening, training, supervising, controlling and disciplining of those persons employed by the New York City Police Department.

10.    At all times hereinafter mentioned, the New York City Police Department was and is a law enforcement agency of the municipal corporation of Defendant City, duly created pursuant to Chapter 18 of the New York City Charter, and as such is responsible for the hiring, screening, training, supervising, controlling and disciplining of those persons in its employ.

11.    Defendant Police Officer Lennox Corlette, Shield No. 2845, is being sued herein both in her individual and official capacities, and was at all times hereinafter mentioned, and particularly on or about November 21, 2010, employed by the New York City Police Department and the City of New York.

12.    Defendants were at all times acting under color of state law, to wit, under color of statutes, ordinances, customs, policies and/or practices of the State of New York and/or the City of New York and defendants were also acting within the scope of and in furtherance of their employment.

## FACTUAL ALLEGATIONS

13.    Plaintiffs were not guilty of any criminal acts.

14.    On or about November 21, 2010, Plaintiffs were attendees at a baby-shower at a family friend's apartment inside of 2240 Ryer Avenue, Bronx, New York.

15.    At approximately 1:00 a.m. there was a disturbance in the hallway outside of the above mentioned apartment.

16.    New York City Police Department officers responded to reports of the disturbance; the police completed responding to the disturbance and left.

17.    A pregnant attendee of the baby-shower began having contractions and the police were recalled to the above mentioned premises.

18.    At approximately 1:20 a.m. officers of the defendant New York City Police Department, including Defendant Lennox Corlette, returned and without provocation, permission, or probable cause entered the above mentioned apartment, discharged Chemical Mace, and placed Plaintiffs and two others under arrest.

19.    Odelin Contreras, 14 years old at the time of this incident, was falsely arrested; she had Chemical Mace maliciously applied to her by an officer of Defendant New York City Police Department.  She was handcuffed by Defendant Lennox Corlette, and brought to the 46th Precinct located at 2120 Ryer Avenue, Bronx, New York 10457, where she was strip-searched without cause, exigency, or legal justification.

20.    Julio Echevarria was falsely arrested; he was handcuffed by defendant, Lennox Corlette, and maliciously dragged down the stairs and brought to the 46th Precinct located at 2120 Ryer Avenue, Bronx, New York 10457.

21.    Madelin Echevarria was falsely arrested; she was handcuffed by defendant, Lennox Corlette, and maliciously dragged down the stairs and brought to the 46th Precinct located at 2120 Ryer Avenue, Bronx, New York 10457.

22.    Plaintiffs were held at the 46th Precinct located at 2120 Ryer Avenue, Bronx, New York 10457 from approximately 2:00 a.m. on Sunday November 21, 2010 until they were arraigned at 6:00 p.m. on Monday November 22, 2010.

23.    Plaintiffs were charged with P.L. 195.05 (Obstructing Governmental Administration, Second Degree), P.L 240.20(1) (Disorderly Conduct), and P.L. 240.20(6) (Disorderly Conduct) and released on their own recognizance.

24. All charges against Plaintiffs were ultimately voluntarily dismissed.

**AS AND FOR A FIRST CAUSE OF ACTION**
**DEPRIVATION OF ODELIN CONTRERAS'S**
**CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. § 1983 IN**
**VIOLATION OF THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS**

25. Plaintiff, Odelin Contreras, repeats and reiterates all of the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. Officer Corlette was at all times relevant, a duly appointed and acting officer of the City of New York Police Department.

27. At all times mentioned herein, Officer Corlette was acting under color of law, to wit: the statutes, ordinances, regulations, policies and customs and usage of the State of New York and/or City of New York.

28. Plaintiff, Odelin Contreras, is and was at all times relevant herein, a citizen of the United States and a resident of Bronx County in the State of New York and brings this cause of action pursuant to 42 United States Code, section 1983 and 42 United States Code, section 1988.

29. Plaintiff, Contreras, intends, upon being deemed the prevailing party in this action, to move this Court for reasonable attorneys' fee pursuant to Title 42 of the United States Code, section 1988.

30. Defendant City Of New York is a municipality duly incorporated under the laws of the State of New York.

31. On or about June 20, 2011, Officer Corlette, and other armed police, while effectuating the arrest of the Plaintiff Contreras, did search, seize, assault and grab the person of Plaintiff without a court authorized arrest warrant. They did physically seize the Plaintiff during the arrest process in an unlawful and excessive manner. Plaintiff was falsely arrested and maliciously prosecuted without the Defendants possessing probable cause.

32.     The Defendants violated Plaintiff Contreras's, right to be free from false arrest, right to be free from false imprisonment, right to be free from illegal search and seizure, right to be free from assault and battery, right to be free from malicious prosecution, right to procedural and substantive due process, right to equal protection under the law, as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States, by unlawfully seizing Contreras's person, confining her without justification or consent, intentionally and offensively touching her person and commencing and continuing criminal proceedings against her without probable cause and with actual malice.

33.     The above actions of the Defendants resulted in Plaintiff being deprived of the following rights under the United States Constitution:

        a.      Freedom from assault to her person;

        b.      Freedom from battery to her person;

        c.      Freedom from illegal search and seizure;

        d.      Freedom from false arrest;

        e.      Freedom from malicious prosecution;

        f.      Freedom from the use of excessive force during the arrest process.

        g.      The right to procedural and substantive due process.

        h.      The right to equal protection under the law.

34.     As a result of the acts and omissions of the Defendants which deprived Odelin Contreras of her constitutional rights under the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States, Contreras sustained multiple injuries, including loss of liberty, mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, loss of reputation, humiliation, indignities, embarrassment, degradation, loss of

enjoyment of life, intimidation and fear for her safety, and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A SECOND CAUSE OF ACTION
## SUPERVISOR LIABILITY PURSUANT TO 42 U.S.C. § 1983 IN
## VIOLATION OF THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS

35.    Plaintiff, Contreras, repeats and reiterates all of the allegations contained in paragraphs 1-34 as if fully set forth herein.

36.    Contreras's rights have been violated under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by the defendants who were supervisors of the officers who violated and abused plaintiff's rights.

37.    These defendants, who were supervisors, had actual and constructive knowledge of the illegal seizure, false arrest and malicious prosecution being committed by their subordinates against Odelin Contreras.

38.    The defendant supervisors did cause Contreras harm by their gross negligence in managing their subordinates, by failing to remedy the patterns of false arrest and malicious prosecution and other constitutional violations the defendants committed after learning of them, and by creating a policy and custom under which unconstitutional practices occurred and were tolerated.

39.    By reason of the unlawful seizure, detention, and malicious prosecution, Contreras suffered mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and she was otherwise injured.

40.    By reason of the aforesaid, Contreras sustained multiple injuries including loss of liberty, mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, loss of reputation, humiliation, indignities, embarrassment,

degradation, loss of enjoyment of life, intimidation and fear for her safety, and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A THIRD CAUSE OF ACTION
## 42 U.S.C. § 1983 - MONELL CLAIM

41.    Plaintiff Odelin Contreras repeats and reiterates all of the allegations contained in paragraphs 1-40 as if fully set forth herein.

42.    Odelin Contreras's rights have been violated under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by the defendant City of New York.

43.    Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to Contreras's rights under the Constitution and the laws of the United States, in that they failed to adequately discipline, train, supervise or otherwise direct police officers in connection with fundamental and recurring constitutional and ethical duties.

44.    Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case for violations of the constitutional rights of citizens, thereby causing defendants in this case to engage in unlawful conduct which did cause the plaintiff to be subjected to deprivations of her civil rights.

45.    Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of

citizens by other police officers thereby causing and encouraging police officers, including defendants in this case, to engage in unlawful conduct.

46.    Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have failed to train the defendants in understanding the rights of citizens.

47.    Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have failed to train the defendants in the proper criteria to properly conduct an investigation.

48.    Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have failed to train the defendants and insure that defendants understand proper comportment, are capable of maintaining appropriate control of their tempers, and are capable of behaving appropriately and properly when wielding the force of law enforcement authority.

49.    Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have failed to train the defendants as to the existence and elements of the affirmative duty of a law enforcement officer to intervene to prevent violations of citizens' civil rights, which are preventable, from being perpetrated by a fellow officer in his or her presence.

50.    By reason of the unlawful seizure, detention and malicious prosecution the plaintiff suffered mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and she was otherwise injured.

51.    By reason of the aforesaid, Contreras sustained multiple injuries including loss of

liberty, mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, loss of reputation, humiliation, indignities, embarrassment, degradation, loss of enjoyment of life, intimidation and fear for her safety, and an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**42 U.S.C. § 1983 - FAILURE TO INTERVENE**

52.    Plaintiff, Odelin Contreras, repeats and reiterates all of the allegations contained in paragraphs 1-51 as if fully set forth herein.

53. Contreras's rights have been violated under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by the individual defendants.

54. There exists a duty for defendants to intervene to prevent the preventable violation of civil rights taking place in their presence when there is a reasonable opportunity to do so.

55. Such opportunity existed for the defendants in the instant case.

56. Defendants, by failing in their affirmative duty to intervene are responsible for the violations and deprivation of the plaintiff's rights under Fourth, Fifth and Fourteenth Amendment.

57. The Defendants subjected Plaintiff, Contreras, to such deprivations, either in a malicious or reckless disregard of Plaintiff's rights or with deliberate indifference to those rights under the Fourth, Fifth and Fourteenth amendments of the United State Constitution.

58. The direct and proximate result of Defendants' acts is that Contreras sustained multiple injuries including loss of liberty, mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, loss of reputation, humiliation, indignities, embarrassment, degradation, loss of enjoyment of life, intimidation and fear for her safety, and an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A FIFTH CAUSE OF ACTION**

**DEPRIVATION OF JULIO ECHEVARRIA'S
CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. § 1983 IN
<u>VIOLATION OF THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS</u>**

59.     Plaintiff, Julio Echevarria, repeats and reiterates all of the allegations contained in paragraphs 1 through 58 as if fully set forth herein.

60.     Officer Corlette was at all times relevant, a duly appointed and acting officer of the City of New York Police Department.

61.     At all times mentioned herein, Officer Corlette was acting under color of law, to wit: the statutes, ordinances, regulations, policies and customs and usage of the State of New York and/or City of New York.

62.     Plaintiff, Julio Echevarria, is and was at all times relevant herein, a citizen of the United States and a resident of Bronx County in the State of New York and brings this cause of action pursuant to 42 United States Code, section 1983 and 42 United States Code, section 1988.

63.     Plaintiff, Julio Echevarria, intends, upon being deemed the prevailing party in this action, to move this Court for reasonable attorneys' fee pursuant to Title 42 of the United States Code, section 1988.

64.     Defendant City Of New York is a municipality duly incorporated under the laws of the State of New York.

65.     On or about June 20, 2011, Officer Corlette, and other armed police, while effectuating the arrest of the Plaintiff**,** Julio Echevarria, did search, seize, assault and grab the person of Plaintiff without a court authorized arrest warrant. They did physically seize the Plaintiff during the arrest process in an unlawful and excessive manner. Plaintiff was falsely arrested and maliciously prosecuted without the Defendants possessing probable cause.

66.     The Defendants violated Plaintiff Julio Echevarria's right to be free from false

arrest, right to be free from false imprisonment, right to be free from illegal search and seizure, right to be free from assault and battery, right to be free from malicious prosecution, right to procedural and substantive due process, right to equal protection under the law, as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States, by unlawfully seizing Contreras's person, confining him without justification or consent, intentionally and offensively touching his person and commencing and continuing criminal proceedings against him without probable cause and with actual malice.

67.     The above actions of the Defendants resulted in Plaintiff being deprived of the following rights under the United States Constitution:

a.  Freedom from assault to his person;

b.  Freedom from battery to his person;

c.  Freedom from illegal search and seizure;

d.  Freedom from false arrest;

e.  Freedom from malicious prosecution;

f.  Freedom from the use of excessive force during the arrest process.

g.  The right to procedural and substantive due process.

h.  The right to equal protection under the law.

68.    As a result of the acts and omissions of the Defendants which deprived Julio Echevarria of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States, Julio Echevarria sustained multiple injuries, including loss of liberty, mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, loss of reputation, humiliation, indignities, embarrassment, degradation, loss of enjoyment of life, intimidation and fear for his safety, and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A SIXTH CAUSE OF ACTION
### SUPERVISOR LIABILITY PURSUANT TO 42 U.S.C. § 1983 IN
### VIOLATION OF THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS

69. Plaintiff, Julio Echevarria, repeats and reiterates all of the allegations contained in paragraphs 1-68 as if fully set forth herein.

70. Julio Echevarria's rights have been violated under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by the defendants who were supervisors of the officers who violated and abused plaintiff's rights.

71. These defendants, who were supervisors, had actual and constructive knowledge of the illegal seizure, false arrest and malicious prosecution being committed by their subordinates against Julio Echevarria.

72. The defendant supervisors did cause Julio Echevarria harm by their gross negligence in managing their subordinates, by failing to remedy the patterns of false arrest and malicious prosecution and other constitutional violations the defendants committed after learning of them, and by creating a policy and custom under which unconstitutional practices occurred and were tolerated.

73. By reason of the unlawful seizure, detention, and malicious prosecution, Julio Echevarria suffered mental anguish, emotional distress, physical pain and injury, loss of professional opportunity,

loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and he was otherwise injured.

74. By reason of the aforesaid, Julio Echevarria sustained multiple injuries including loss of liberty, mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, loss of reputation, humiliation, indignities, embarrassment, degradation, loss of enjoyment of life, intimidation and fear for his safety, and an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## 42 U.S.C. § 1983 - MONELL CLAIM

75.  Plaintiff Julio Echevarria repeats and reiterates all of the allegations contained in paragraphs 1-74 as if fully set forth herein.

76.  Julio Echevarria's rights have been violated under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by the defendant City of New York.

77.  Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to Julio Echevarria's rights under the Constitution and the laws of the United States, in that they failed to adequately discipline, train, supervise or otherwise direct police officers in connection with fundamental and recurring constitutional and ethical duties.

78.  Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case for violations of the constitutional rights of citizens, thereby causing defendants in this case to engage in unlawful conduct which did cause the plaintiff to be subjected to

deprivations of his civil rights.

79.    Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers, including defendants in this case, to engage in unlawful conduct.

80.    Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have failed to train the defendants in understanding the rights of citizens.

81.    Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have failed to train the defendants in the proper criteria to properly conduct an investigation.

82.    Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have failed to train the defendants and insure that defendants understand proper comportment, are capable of maintaining appropriate control of their tempers, and are capable of behaving appropriately and properly when wielding the force of law enforcement authority.

83.    Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have failed to train the defendants as to the existence and elements of the affirmative duty of a law enforcement officer to intervene to prevent violations of citizens' civil rights, which are preventable, from being perpetrated by a fellow officer in his or her presence.

84.    By reason of the unlawful seizure, detention and malicious prosecution the plaintiff suffered mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and he was otherwise injured.

85.    By reason of the aforesaid, Julio Echevarria sustained multiple injuries including loss of liberty, mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, loss of reputation, humiliation, indignities, embarrassment, degradation, loss of enjoyment of life, intimidation and fear for his safety, and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## 42 U.S.C. § 1983 - FAILURE TO INTERVENE

86. Plaintiff, Julio Echevarria, repeats and reiterates all of the allegations contained in paragraphs 1-85 as if fully set forth herein.

87. Julio Echevarria's rights have been violated under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by the individual defendants.

88. There exists a duty for defendants to intervene to prevent the preventable violation of civil rights taking place in their presence when there is a reasonable opportunity to do so.

89. Such opportunity existed for the defendants in the instant case.

90. Defendants, by failing in their affirmative duty to intervene are responsible for the violations and deprivation of the plaintiff's rights under Fourth, Fifth and Fourteenth Amendment.

91. The Defendants subjected Plaintiff, Julio Echevarria, to such deprivations, either in a malicious or reckless disregard of Plaintiff's rights or with deliberate indifference to those rights under the Fourth, Fifth and Fourteenth amendments of the United State Constitution.

92. The direct and proximate result of Defendants' acts is that Contreras sustained

multiple injuries including loss of liberty, mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, loss of reputation, humiliation, indignities, embarrassment, degradation, loss of enjoyment of life, intimidation and fear for his safety, and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A NINTH CAUSE OF ACTION
### DEPRIVATION OF MADELIN ECHEVARRIA'S CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. § 1983 IN VIOLATION OF THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS

93.     Plaintiff, Madelin Echevarria, repeats and reiterates all of the allegations contained in paragraphs 1 through 92 as if fully set forth herein.

94.     Officer Corlette was at all times relevant, a duly appointed and acting officer of the City of New York Police Department.

95.     At all times mentioned herein, Officer Corlette was acting under color of law, to wit: the statutes, ordinances, regulations, policies and customs and usage of the State of New York and/or City of New York.

96.     Plaintiff, Madelin Echevarria, is and was at all times relevant herein, a citizen of the United States and a resident of Bronx County in the State of New York and brings this cause of action pursuant to 42 United States Code, section 1983 and 42 United States Code, section 1988.

97.     Plaintiff, Madelin Echevarria, intends, upon being deemed the prevailing party in this action, to move this Court for reasonable attorneys' fee pursuant to Title 42 of the United States Code, section 1988.

98.     Defendant City Of New York is a municipality duly incorporated under the laws of the State of New York.

99.     On or about June 20, 2011, Officer Corlette, and other armed police, while effectuating the arrest of the Plaintiff Madelin Echevarria, did search, seize, assault and grab the person of Plaintiff without a court authorized arrest warrant. They did physically seize the Plaintiff during the arrest process in an unlawful and excessive manner. Plaintiff was falsely arrested and maliciously prosecuted without the Defendants possessing probable cause.

100.    The Defendants violated Plaintiff Madelin Echevarria's right to be free from false arrest, right to be free from false imprisonment, right to be free from illegal search and seizure, right to be free from assault and battery, right to be free from malicious prosecution, right to procedural and substantive due process, right to equal protection under the law, as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States, by unlawfully seizing Contreras's person, confining her without justification or consent, intentionally and offensively touching her person and commencing and continuing criminal proceedings against her without probable cause and with actual malice.

101.    The above actions of the Defendants resulted in Plaintiff being deprived of the following rights under the United States Constitution:

    a.   Freedom from assault to her person;

    b.   Freedom from battery to her person;

    c.   Freedom from illegal search and seizure;

    d.   Freedom from false arrest;

    e.   Freedom from malicious prosecution;

    f.   Freedom from the use of excessive force during the arrest process.

    g.   The right to procedural and substantive due process.

    h.   The right to equal protection under the law.

102.     As a result of the acts and omissions of the Defendants which deprived Madelin Echevarria of her constitutional rights under the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States, Madelin Echevarria sustained multiple injuries, including loss of liberty, mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, loss of reputation, humiliation, indignities, embarrassment, degradation, loss of enjoyment of life, intimidation and fear for her safety, and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A TENTH CAUSE OF ACTION
### SUPERVISOR LIABILITY PURSUANT TO 42 U.S.C. § 1983 IN
### VIOLATION OF THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS

103.     Plaintiff, Madelin Echevarria, repeats and reiterates all of the allegations contained in paragraphs 1-102 as if fully set forth herein.

104.     Madelin Echevarria's rights have been violated under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by the defendants who were supervisors of the officers who violated and abused plaintiff's rights.

105.     These defendants, who were supervisors, had actual and constructive knowledge of the illegal seizure, false arrest and malicious prosecution being committed by their subordinates against Madelin Echevarria.

106.     The defendant supervisors did cause Madelin Echevarria harm by their gross negligence in managing their subordinates, by failing to remedy the patterns of false arrest and malicious prosecution and other constitutional violations the defendants committed after learning of them, and by creating a policy and custom under which unconstitutional practices occurred and were tolerated.

107.     By reason of the unlawful seizure, detention, and malicious prosecution, Madelin

Echevarria suffered mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and she was otherwise injured.

108.    By reason of the aforesaid, Madelin Echevarria sustained multiple injuries including loss of liberty, mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, loss of reputation, humiliation, indignities, embarrassment, degradation, loss of enjoyment of life, intimidation and fear for her safety, and an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
## 42 U.S.C. § 1983 - MONELL CLAIM

109. Plaintiff, Madelin Echevarria, repeats and reiterates all of the allegations contained in paragraphs 1-108 as if fully set forth herein.

110. Madelin Echevarria's rights have been violated under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by the defendant City of New York.

111. Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to Madelin Echevarria's rights under the Constitution and the laws of the United States, in that they failed to adequately discipline, train, supervise or otherwise direct police officers in connection with fundamental and recurring constitutional and ethical duties.

112. Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case for violations of the constitutional rights of citizens, thereby causing

defendants in this case to engage in unlawful conduct which did cause the plaintiff to be subjected to deprivations of her civil rights.

113. Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers, including defendants in this case, to engage in unlawful conduct.

114. Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have failed to train the defendants in understanding the rights of citizens.

115. Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have failed to train the defendants in the proper criteria to properly conduct an investigation.

116. Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have failed to train the defendants and insure that defendants understand proper comportment, are capable of maintaining appropriate control of their tempers, and are capable of behaving appropriately and properly when wielding the force of law enforcement authority.

117. Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have failed to train the defendants as to the existence and elements of the affirmative duty of a law enforcement officer to intervene to prevent violations of citizens' civil rights, which are preventable,

from being perpetrated by a fellow officer in his or her presence.

118. By reason of the unlawful seizure, detention and malicious prosecution the plaintiff suffered mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and she was otherwise injured.

119. By reason of the aforesaid, Madelin Echevarria sustained multiple injuries including loss of liberty, mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, loss of reputation, humiliation, indignities, embarrassment, degradation, loss of enjoyment of life, intimidation and fear for her safety, and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A TWELFTH CAUSE OF ACTION
## 42 U.S.C. § 1983 - FAILURE TO INTERVENE

120. Plaintiff, Madelin Echevarria, repeats and reiterates all of the allegations contained in paragraphs 1-119 as if fully set forth herein.

121. Madelin Echevarria's rights have been violated under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by the individual defendants.

122. There exists a duty for defendants to intervene to prevent the preventable violation of civil rights taking place in their presence when there is a reasonable opportunity to do so.

123. Such opportunity existed for the defendants in the instant case.

124. Defendants, by failing in their affirmative duty to intervene are responsible for the violations and deprivation of the plaintiff's rights under Fourth, Fifth and Fourteenth Amendment.

125. The Defendants subjected Plaintiff, Madelin Echevarria, to such deprivations, either in a malicious or reckless disregard of Plaintiff's rights or with deliberate indifference to those rights under the Fourth, Fifth and Fourteenth amendments of the United State Constitution.

126. The direct and proximate result of Defendants' acts is that Madelin Echevarria sustained multiple injuries including loss of liberty, mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, loss of reputation, humiliation, indignities, embarrassment, degradation, loss of enjoyment of life, intimidation and fear for her safety, and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## **RELIEF SOUGHT**

**WHEREFORE**, Plaintiff demands Judgment against the Defendants on all Counts, individually, jointly and severally, for compensatory damages, exemplary damages, attorney's fees, costs of suit and all such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury as to all issues so triable.

Dated: December 22, 2014

Respectfully submitted,

SONG LAW FIRM, LLC

By: _____
Howard Z. Myerowitz, Esq.  (HM0972)
SONG LAW FIRM LLC
400 Kelby Street, 7th Floor
Fort Lee, NJ 07024
Tel: (201) 461-0031
Fax: (201) 461-0032
E-mail: hmyerowitz@songlawfirm.com
*Attorneys for Plaintiffs*